UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH SCHMITT                                                                                           PLAINTIFF

VERSUS                                                                CIVIL ACTION NO. 3:17CV117-TSL-RHW

UNITED STATES OF AMERICA et al                                                                DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Kenneth Schmitt, proceeding *pro se* and *in forma pauperis*, filed a claim pursuant to the Federal Tort Claims Act (FTCA) against the United States of America and a *Bivens*[1] action against several officials and employees of the Federal Correctional Complex in Yazoo City, Mississippi. Doc. [1]. In his complaint, Plaintiff alleged the following causes of action: (1) hazardous conditions of confinement in the FCC-Yazoo City Segregated Housing Unit (SHU) resulting from backed up sewage flooding the unit; (2) denial of due process during disciplinary proceedings; and (3) denial of medical care for abdominal pain and diarrhea. Defendants previously filed a motion to dismiss or, in the alternative, for summary judgment. Doc. [20]. The Court granted in part and denied in part Defendants' motion. Doc. [30] [33].

The Court dismissed all of Plaintiff's claims except for his FTCA medical malpractice claim against the United States of America. Plaintiff failed to support his medical malpractice claim with expert opinion evidence, as required under applicable Mississippi law. However, at the time of Defendants' original motion to dismiss, the Court had not yet established a scheduling order. Thus, Plaintiff had not been afforded the opportunity to conduct discovery or designate an expert witness in support of his medical malpractice claim. By Order entered October 3, 2018, the Court established a scheduling order to allow Plaintiff the opportunity to

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

develop his FTCA claim. Doc. [35]. The order specifically included deadlines to designate experts and to complete discovery. On March 11, 2019, Defendant United States of America re-urged its motion for summary judgment based on Plaintiff's failure to designate an expert witness in support of his claim. Doc. [51]. Plaintiff has not filed a response in opposition to this motion.

## Law and Analysis

### Standard of Review

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the

movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**FTCA—Medical Malpractice Claim**

In its motion for summary judgment, Defendant argues that Plaintiff has failed to meet his burden of establishing the elements of a medical malpractice claim because he did not support his claim with competent expert evidence or testimony. The FTCA authorizes civil actions for damages against the United States for personal injuries caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state where the negligent act or omission occurred. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). In an FTCA suit, the Court applies the substantive law of the state where the allegedly negligent act or omission occurred. *Estate of Sanders v. United States*, 736 F.3d 430, 435 (5th Cir. 2013). Thus, the undersigned looks to Mississippi law to determine the elements of Plaintiff's medical malpractice claim. *Id.*

Under Mississippi law, a *prima facie* case of medical practice requires proof of the following elements: (1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant. *Id.* at 435-36. Expert testimony must be used to establish these elements in a medical malpractice claim. *Id.* at 436. If the Plaintiff fails to present sufficient evidence of these elements, summary judgment is appropriate. *Id.*

Plaintiff has not responded to Defendants' March 11, 2019 motion for summary judgment. He did not conduct any discovery. Nor has he designated a medical expert, despite being afforded such opportunity. Plaintiff has failed to present expert opinion evidence to support a *prima facie* case for medical malpractice. Accordingly, there is no genuine issue of material fact with regard to Plaintiff's claim.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants' [51] Motion for Summary Judgment be GRANTED and that Plaintiff's complaint be dismissed with prejudice as to all claims and all Defendants.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 5th day of November 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE